IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| RONALD SATISH EMRIT, | ) CIVIL NO. 18-00438 HG-KSC |
| | ) |
| Plaintiff, | ) FINDINGS AND RECOMMENDATION |
| | ) TO GRANT PLAINTIFF'S |
| vs. | ) APPLICATION TO PROCEED |
| | ) WITHOUT PREPAYING FEES AND |
| REGIONAL TRANSIT CENTER, | ) DISMISS THE COMPLAINT |
| (RTC) | ) WITHOUT PREJUDICE |
| | ) |
| Defendant. | ) |
| | ) |
| | ) |

FINDINGS AND RECOMMENDATION TO GRANT PLAINTIFF'S
APPLICATION TO PROCEED WITHOUT PREPAYINGS FEES
<u>AND DISMISS THE COMPLAINT WITHOUT PREJUDICE</u>

Before the Court is Plaintiff Ronald Satish Emrit's ("Plaintiff") Application to Proceed in District Court Without Prepaying Fees or Costs, filed November 9, 2018. ("IFP Application"). ECF No. 3. After careful consideration of the Application and the supporting documentation, the Court FINDS AND RECOMMENDS that the district court GRANT Plaintiff's Application and DISMISS this action without prejudice.

<u>DISCUSSION</u>

A.   IFP Application

A court may authorize the commencement or prosecution of any suit without prepayment of fees by a person who submits an affidavit that the person is unable to pay such fees.  28 U.S.C. § 1915(a)(1).  "[A]n affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs and still be able to provide himself and dependent with the necessities of life."  Adkins v. E.I. Du Pont De Nemours & Co., Inc., 335 U.S. 331, 339 (1948)(internal quotations omitted).

Here, the Plaintiff's Application states that he receives $805 in monthly disability payments and has $730 in monthly expenses.  ECF No. 3 at 1-5.  The Court finds that at this time, Plaintiff has sufficiently demonstrated entitlement to proceed in forma pauperis and RECOMMENDS that the district court GRANT his application.  See 28 U.S.C. § 1915.

B.   Complaint

The Court must subject each civil action commenced pursuant to Section 1915(a) to mandatory screening and order the dismissal of any action that is

frivolous, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C §1915(e)(2); Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000)(stating that 28 U.S.C. § 1915(e) "not only permits but requires" the court to dismiss a § 1915(a) complaint that fails to state a claim); Tripati v. First Nat'l Bank & Trust, 821 F.2d 1368, 1370 (9th Cir. 1987)(a complaint is frivolous if "it has no arguable substance of law or fact.")(citations omitted).

      Plaintiff alleges various claims against Defendant Regional Transit Center for events occurring in 2017.  ECF No. 1.  Plaintiff states that he is a resident of the State of Nevada and that Defendant's principal place of business is Nevada.  Id. ¶¶ 4-5.  The factual allegations for Plaintiff's claims also occurred in Nevada.  Id. ¶¶ 12-26.

      28 U.S.C. § 1391(b) allows a civil action to be bought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a

>   judicial district in which a substantial part of the events or missions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated; or (3) if there is no district in which an action amy otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

Based on Plaintiff's Complaint, it appears that the Defendant resides in Nevada and all of the events giving rise to the claims occurred in Nevada. The Complaint does not appear to allege that any events occurred in Hawaii or that any defendant may be subject to personal jurisdiction in Hawaii. See ECF No. 1.

Under 28 U.S.C. § 1406(a), if a case is filed in the wrong venue, the court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). A court should examine a plaintiff's claim to determine whether the interests of justice require transfer instead of dismissal. See, e.g., King v. Russell, 963 F.2d 1301, 1305 (9th Cir. 1992). The Court finds, in this case, it is not in the interests of justice to transfer this action. It does

4

not appear that Plaintiff is time barred from re-filing the action in another venue.  Therefore, the Court RECOMMENDS that the district court DISMISS WITHOUT PREJUDICE the present action for want of venue.  Plaintiff may pursue his claims in the proper court.

## CONCLUSION

Based on the foregoing, the Court FINDS AND RECOMMENDS that the district court:

(1) GRANT Plaintiff's Application to Proceed District Court Without Prepaying Fees or Costs; and

(2) DISMISS Plaintiff's Complaint WITHOUT PREJUDICE.

DATED: Honolulu, Hawaii, November 21, 2018.



_____
Kevin S.C. Chang
United States Magistrate Judge